IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERNADETTE DENISE DICKERSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:23-CV-2493-K-BW |
| CONDUENT COMMERCIAL SOLUTIONS, LLC, | § § § § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Bernadette Denise Dickerson's Complaint, received on November 8, 2023. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **DISMISS** this action with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

On November 8, 2023, Dickerson filed a complaint against her former employer, Conduent Commercial Solutions, LLC ("Conduent"). (*See id.* at 1-2.)[2] On November 28, 2023 and December 1, 2023, Dickerson provided additional details about her claims against Conduent in initial and amended responses to a Magistrate Judge's Questionnaire ("MJQ"). (*See* Dkt. Nos. 9, 11.) She also attached

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management. By Special Order No. 3-354, it was transferred and reassigned to the undersigned on August 23, 2024. (*See* Dkt. No. 14.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

to her amended MJQ responses a section from the Title VI Legal Manual issued by the Civil Rights Division of the United States Department of Justice and correspondence from the Equal Employment Opportunity Commission ("EEOC") relating to her EEOC charge against Conduent. (*See* Dkt. No. 11 at 7-30.) On December 12, 2023, Dickerson provided responses to a second MJQ. (*See* Dkt. No. 13.)

According to Dickerson, Conduent is located in this judicial district and employed her remotely in Montgomery, Alabama, from November 2021 to April 2022. (*See* Dkt. No. 3 at 1; Dkt. No. 11 at 3-4.) Dickerson's immediate supervisor, Sherri Morris, "began harassing me with threats of termination if my work performance didn't improve." (Dkt. No. 3 at 1; *see also* Dkt. No. 11 at 5; Dkt. No. 13 at 3.) Morris "was revealing information that she wasn't privy to" and lied about another person telling her the information. (Dkt. No. 3 at 2; *see also* Dkt. No. 11 at 5; Dkt. No. 13 at 1.) Dickerson's "work computer revealed an intruder in the system," which Dickerson reported to Morris, who in turn ignored her. (Dkt. No. 3 at 2.) She complains that Morris "was always trying to cover up all the things going wrong with my computer system" and knew someone had hacked into Dickerson's computer, "and this is the reason [Morris] was harassing me and covering things up, lying, and always showing up when things went wrong, even if the wasn't supposed to be working that day." (*Id.*; *see also* Dkt. No. 11 at 5.)

Dickerson "complained to [Human Resources ("HR")] about [Morris's] harassment" in January 2022 and also "revealed to HR that someone was accessing

2

my personal computer from the work computer." (Dkt. No. 3 at 1-2.) After making "several complaints to HR on different types of harassment" that were disregarded, Conduent suspended her and placed her on administrative leave in March 2022, and after an internal investigation, terminated her employment in April 2022. (*Id.*; *see also* Dkt. No. 11 at 4-5; Dkt. No. 13 at 1, 4.)

Dickerson appears to believe that her employment with Conduent was orchestrated by one of her prior employers and that this prior employer paid Morris "to do this to get access to my computer, and harass me even trying to set me up to go to person [sic] currently." (Dkt. No. 13 at 2.) She seeks "monetary damages in the amount of $250,000 because of the harassment daily, [t]he hacking of my computer and being retaliated against." (*Id.* at 5; *see also* Dkt. No. 3 at 3.)

## II. PRELIMINARY SCREENING

Because Dickerson has been granted leave to proceed in forma pauperis, her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere

"labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Id.* at 555. The same analysis for determining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to determine whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011).

### III.  ANALYSIS

Liberally construed, Dickerson contends that Conduent discriminated against her on the basis of sex, and that she was terminated in retaliation for complaining to HR about alleged discriminatory conduct. (*See* Dkt. No. 3 at 1; Dkt. No. 11 at 3-5; Dkt. No. 13 at 3-4.)  She specifically references Title VI of the Civil Rights Act of 1964 ("Title VI") as a statutory basis for discrimination and retaliation claims and the Fair Labor Standards Act of 1938 ("FLSA") as a statutory basis for a retaliation claim. (*See* Dkt. No. 11 at 3-4.)  Because Dickerson also filed a charge of discrimination with the EEOC and in light of her MJQ responses, the Court also liberally construes Dickerson's discrimination and retaliation claims as arising under Title VII of the Civil Rights Act of 1964 ("Title VII"). (*See* Dkt. No. 11 at 5-6, 15-16.)

Title VI makes it unlawful for any person, "on the ground of race, color, or national origin, [to] be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance," and Title VII makes it unlawful for an employer to discriminate "because of" an individual's "race, color, religion, sex, or national origin."  42

4

U.S.C. § 2000d, § 2000e-2(a)(1). Title VII, as well as the provision of the FLSA referenced in Dickerson's MJQ responses, prohibit an employer from retaliating against an individual because she has engaged in an activity protected by the respective statute. *See* 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 215(a)(3). The Court assumes, for purposes of this action only, that Title VI also encompasses a cause of action for retaliation. *See Campbell v. Coppell Indep. Sch. Dist.*, No. 24-10318, 2025 WL 384410, at *2 n.2 (5th Cir. Feb. 4, 2025) (unpublished).

To assert a plausible discrimination or retaliation claim under Title VI, Title VII, and the FLSA, Dickerson must "plead sufficient facts on all of the ultimate elements" of each claim. *Jenkins v. La. Workforce Comm'n*, 713 F. App'x 242, 244 (5th Cir. 2017) (citation and internal quotation marks omitted). If she "has not pled [enough] facts," dismissal of the complaint is proper. *Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018). Although Dickerson need not establish a prima facie case of discrimination or retaliation at the pleading stage, the Court may rely on the elements of a prima facie case to "frame [its] inquiry" as to whether sufficient facts, accepted as true, have been pled to allege an actionable claim. *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023).

### A. Discrimination

Because Dickerson complains about harassment by Morris, the Court understands her sex discrimination claim to be based on an alleged hostile work environment based on sex. (*See* Dkt. No. 3 at 1-2; Dkt. No. 11 at 5; Dkt. No. 13 at 3-4.) An actionable hostile work environment claim under Title VII entails a

"workplace [] permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment[.]" *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993) (internal quotation marks and citations omitted). A plaintiff establishes a prima facie hostile work environment claim by showing that: (1) she belongs to a protected class; (2) she was subject to unwelcome harassment; (3) the complained of harassment was based on a protected characteristic; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the alleged harassment and failed to take prompt remedial action. *See, e.g.*, *English v. Perdue*, 777 F. App'x 94, 98 (5th Cir. 2019).

  Here, Dickerson complains that Morris "began harassing me with threats of termination if my work performance didn't improve," which Dickerson did not understand "because it was better than most." (Dkt. No. 3 at 1; *see also* Dkt. No. 11 at 5; Dkt. No. 13 at 3.) She further complains that she informed Morris about an intruder in the computer system, which Morris ignored. (*See* Dkt. No. 3 at 2; Dkt. No. 13 at 2.) She alleges that Morris "was revealing information that she wasn't privy to" and was "covering things up, lying, and always showing up when things went wrong, even if she wasn't supposed to be working that day." (Dkt. No. 3 at 2; *see also* Dkt. No. 11 at 5; Dkt. No. 13 at 1.) She accuses Morris of "doing things to try to hinder my work performance," and she appears to associate Morris with her being followed, a break-in and damage at her home, and attempts on her life via car accidents. (Dkt. No. 13 at 3; *see also id.* at 2.)

6

These allegations fail to provide any factual support showing instances of unwelcome harassment—much less severe or pervasive harassment—based on sex. Instead, the alleged offensive conduct by Morris appears to consist of "ordinary tribulations of the workplace" and unsubstantiated speculation. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (citation and internal quotation marks omitted). Title VII is not a "general civility code for the American workplace" that renders actionable such tribulations, however. *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 505 (5th Cir. 2023) (citation and internal quotation marks omitted). Accordingly, Dickerson's factual allegations are insufficient to plausibly show that Conduent discriminated against her under Title VII by creating a hostile work environment based on sex, and her Title VII sex discrimination claim therefore does not survive judicial screening.[3]

To the extent Dickerson alleges a claim of sex discrimination under Title VI, she fails to establish that Title VI is applicable in this action. Title VI prohibits race, color, and national origin discrimination "in all programs receiving federal funds." *Jones v. S. Univ.*, 834 F. App'x 919, 923 (5th Cir. 2020); *see also* 42 U.S.C. § 2000d. Dickerson does not allege discrimination on the basis of race, color, or national origin in this action, and she does not allege, much less allege facts permitting an

---

[3] The EEOC documents attached to Dickerson's MJQ responses indicate that Dickerson only alleged race discrimination and retaliation in her EEOC charge, and that she filed this action almost one year after the EEOC issued a 90-day right-to-sue notice. (*See* Dkt. No. 11 at 15-20.) Dickerson therefore fails to establish that she administratively exhausted her sex discrimination claim and timely filed this action, and her claim is subject to dismissal on this additional independent basis.

inference, that Conduent is an entity receiving federal funds for purposes of Title VI. She therefore fails to state a plausible claim under Title VI, and her claim does not survive judicial screening.

Accordingly, the Court should dismiss Dickerson's sex discrimination claims under § 1915(e)(2)(B)(ii) for failure to state a claim.

**B. Retaliation**

Regarding Dickerson's retaliation claims, considered under Title VI, Title VII, and the FLSA, in the absence of direct evidence of retaliation, as here, courts apply the burden-shifting framework set forth in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973).[4] *See Brown v. Wal-Mart East, L.P.*, 969 F.3d 571, 577 (5th Cir. 2020); *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 577 (5th Cir. 2004); *McKay v. Dallas Indep. Sch. Dist.*, No. 3:06-CV-2325-O, 2009 WL 615832, at *5 (N.D. Tex. Mar. 10, 2009). A plaintiff establishes a prima facie case of retaliation under the first step of the burden-shifting framework by showing that: (1) she engaged in protected activity under the relevant statute; (2) an adverse employment action occurred; and (3) a causal connection exists between the protected activity and the adverse employment action. *See, e.g.*, *Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 321 (5th Cir. 2014).

Dickerson fails to allege that she engaged in any protected activity under Title VI, Title VII, or the FLSA. Although internal complaints about perceived

---

[4] The Fifth Circuit has defined direct evidence "as 'evidence which, if believed proves the fact without inference or presumption.'" *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020). Dickerson has not provided such evidence here.

8

discriminatory conduct may constitute protected activity for purposes of a claim of retaliation, Dickerson's factual allegations, as previously discussed by the Court, do not implicate or pertain to unlawful discriminatory conduct by an entity receiving federal funding for purposes of Title VI, unlawful employment practices related to sex or any other protected characteristic for purposes of Title VII, or unlawful wage practices for purposes of the FLSA. (*See* Dkt. No. 3 at 1-2; Dkt. No. 11 at 5; Dkt. No. 13 at 1, 3-4.)

Because Dickerson has failed to plead sufficient facts to allege a plausible prima facie case of retaliation under Title VI, Title VII, or the FLSA, her retaliation claims do not survive judicial screening.[5] The Court therefore should dismiss Dickerson's retaliation claims under § 1915(e)(2)(B)(ii) for failure to state a claim.

### IV. LEAVE TO AMEND

Notwithstanding a failure to plead sufficient facts, a pro se plaintiff ordinarily should be granted leave to amend her complaint before dismissal. *See Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Leave to amend is not necessary, however, when the plaintiff has already pled her best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017). Here, Dickerson responded to two questionnaires relating to the bases of her claims. A verified questionnaire response allows a plaintiff to plead her best case and is a valid

---

[5] As the Court has previously noted, Dickerson did not file this action until nearly one year after the EEOC issued a 90-day right-to-sue notice. (*See* Dkt. No. 11 at 15-16.) As such, her Title VII retaliation claim—to the extent it was exhausted in the first instance—is untimely and subject to dismissal on this additional independent basis.

way for a pro se plaintiff to amend her complaint. *See Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) ("Contrary to [the plaintiff's] argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a pro se litigant to develop the factual basis for his complaint.").

Dickerson has responded to questionnaires and has had sufficient opportunity to plead her best case. Further leave to amend therefore is not warranted.

## V.  RECOMMENDATION

The Court should **DISMISS** this action with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO RECOMMENDED** on October 22, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).